IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MOTORISTS COMMERCIAL MUTUAL**             **PLAINTIFF**
**INSURANCE COMPANY**

**VS**             **CIVIL ACTION NO. 3:23CV-416-RGJ**

**TOM DREXLER PLUMBING, INC.**             **DEFENDANTS**

    <u>Serve via certified mail:</u>
    Tom Drexler Plumbing, LLC
    3718 Bardstown Rd.
    Louisville, KY 40218

**-and-**

**TOM DREXLER PLUMBING LLC**

    <u>Serve via certified mail:</u>
    Tom Drexler Plumbing, LLC
    3718 Bardstown Rd.
    Louisville, KY 40218

**-and-**

**DIANE SNEDDEN, as Administratrix of the**
**Estate of Stacey Barta, Deceased**

    <u>Serve via certified mail:</u>
    Kelly Rowan,
    1716 Grand Villa Drive,
    La Grange, Kentucky, 40031

**-and-**

**HILLAREE L. NEEDY, as Administratrix of**
**the Estate of John Paul Needy, Deceased**

    <u>Serve via certified mail:</u>
    Matthew S. Jacobs
    430 W. Watt St.
    Jeffersonville, IN 47130

1

-and-

**THOMAS CARTER as Next Friend of A. C. N.,
a minor, and C. J. N., a minor**

<u>Serve via certified mail:</u>
Thomas Carter
200 S. 7th St., Ste. 160
Louisville, KY 40202

\* \* \* \* \*

## **COMPLAINT FOR DECLARATORY JUDGMENT – REDACTED PER DOC #: 5**

Plaintiff, Motorists Commercial Mutual Insurance Company ("Motorists"), through counsel, for its Complaint for Declaratory Judgment, states as follows:

### **THE PARTIES**

1. Motorists is an insurance company organized under the laws of the State of Ohio as a corporation for profit.

2. Motorists' principal place of business is the State of Ohio.

3. Tom Drexler Plumbing, Inc. was a company organized under the laws of the Commonwealth of Kentucky, and is now inactive.

4. Tom Drexler Plumbing, Inc.'s principal place of business was the Commonwealth of Kentucky.

5. Upon information and belief, Tom Drexler Plumbing, Inc. now does business as Tom Drexler Plumbing, LLC.

6. Underlying Defendant, Tom Drexler Plumbing, LLC ("Drexler") is a limited liability company organized under the laws of the Commonwealth of Kentucky, with its principal place of business at 3718 Bardstown Rd. in Louisville, KY.

7. Upon information and belief, the members of Drexler are citizens of Kentucky.

8. As established by Exhibit A, Underlying Plaintiff, Hillaree L. Needy was appointed as Administratrix for the Estate of John Paul Needy, deceased, by the Floyd County Circuit Court, State of Indiana, on March 16, 2023.

9. As established by Exhibit B, Underlying Plaintiff, Thomas Carter, a resident of Kentucky, is acting as Next Friend on behalf of A. C. N. and C. J. N., the minor children of John Paul Needy.

10. As established by Exhibit C, Underlying Plaintiff, Diane Snedden was appointed as Administratrix for the Estate of Stacey Barta, deceased, by the Oldham County District Court, Probate Division, Commonwealth of Kentucky, on March 22, 2023.

## JURISDICTION AND VENUE

11. This is an action for declaratory judgment under 28 USCS § 2201 and KRS 418.040, to determine the rights and/or obligations of the parties pursuant to an insurance contract issued by Motorists to Drexler in Louisville, Jefferson County, Kentucky.

12. Diane Snedden, Hillaree L. Neely, and Thomas Carter are included in this action pursuant to 28 USCS § 2201 and KRS 418.040 and 418.055, because they may have an interest in the outcome of this declaration of rights action.

13. The alleged incident that gave rise to the controversy and this complaint for declaratory judgment allegedly occurred in Kentucky.

14. The insurance contract at issue was issued to Drexler, a resident of Jefferson County, Kentucky.

15. Motorists is incorporated under the laws of the State of Ohio and has its principal place of business in the State of Ohio.

16. Defendants are citizens of Kentucky and/or Indiana.

17. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1332 and 2201.

18. The amount in controversy is more than $75,000, not counting interest and costs of Court, because the claimed damages against Plaintiff's putative insured are for wrongful death, severe and painful injuries, survival, loss of parental consortium, and punitive damages.

19. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, Drexler resides and does business in the Western District of Kentucky, the underlying transaction for which insurance coverage is sought by Defendant Drexler from Plaintiff for the claims asserted by Underlying Plaintiffs primarily occurred in the Western District of Kentucky, the underlying injury and death allegedly occurred in Grange, Kentucky, and so the parties expected or should reasonably have expected their acts to have consequences within this judicial district as a substantial portion of the events at issue will arise within this judicial district.

## THE UNDERLYING COMPLAINT

21. On December 1, 2022, Underlying Plaintiffs filed suit against Drexler and others in Oldham Circuit Court, Civil Action No.: 22-CI-00328 ("Underlying Case") (Complaint attached as Exhibit D).

22. Without admitting the allegations in the Underlying Case, the allegations in the Underlying Complaint, Exhibit D, are incorporated as if fully restated herein.

23. The Underlying Case Complaint alleges, among other things, that Drexler negligently installed a hot water heater on May 6, 2021.

24. On or about February 4, 2022, decedent Underlying Plaintiffs allegedly died of carbon monoxide poisoning occupying the building in which Drexler allegedly negligently installed a hot water heater.

25. Motorists is participating in the defense of Drexler in the Underlying Case, pursuant to a reservation of rights.

## THE MOTORISTS CONTRACT

26. Motorists issued a policy of insurance, bearing Policy No. 5000124949, to Tom Drexler Pluming, Inc., for the policy period of August 4, 2021, to August 4, 2022 ("the CGL policy"). (Exhibit E).

27. On April 20, 2022, Motorists issued a second policy, numbered 5000125158, to Drexler for commercial umbrella coverage ("the Umbrella policy"). (Exhibit F).

28. The CGL policy contains various coverages, exclusions, and endorsements. Most relevant are the Commercial General Liability Coverage Form ("the Coverage Form"), an Occurrence Re-Defined Endorsement, a Total Pollution Exclusion ("TPE"), and a MiChoice Contractor General Liability Protector ("the MiChoice Protector").

29. The Coverage Form includes the following relevant language:

**SECTION I – COVERAGES**

**COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty

to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. * * *

* * *

2. **Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily Injury" or "property damage expected or intended from the standpoint of the insured. * * *

* * *

f. **Pollution**

[Modified by Endorsement.]

## SECTION V – DEFINITIONS

* * *

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. * * *

The Occurrence Re-Defined Endorsement changes the definition of "occurrence" in the Coverage Form to include, among other things,

"Bodily injury" that is caused by or results from "your work" ….

* * *

The TPE modifies the pollution exclusion to the Coverage Form, stating:

This insurance does not apply to:

f. **Pollution**

(1) "Bodily injury" * * * which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

* * *

30. The MiChoice Protector includes Pollution Liability Coverage – Limited Exception for a Short-Term Event, with a $100,000 limit of insurance for each occurrence. The limit of insurance includes claim expenses, which are deducted from the limit. The coverage ends when the limit of $100,000 is paid or is eliminated by the claim expenses.

31. The MiChoice Protector coverage includes the following terms and conditions:

At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, an insured. However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests: * * *

The coverage includes the following definition of "short-term pollution event":

"Short-term pollution event" means a discharge, dispersal, release or escape of "pollutants" which:
(a) Begins during the policy period;
(b) Begins at an identified time and place;
(c) Ends, in its entirety, at an identified time within forty-eight (48) hours of the beginning of the discharge, dispersal, release or escape of the "pollutants";
(d) Is not a repeat or resumption of a previous discharge, dispersal, release or escape of the same pollutant from essentially the same source within twelve (12) months of a previous discharge, dispersal, release or escape;
(e) Does not originate from an "underground storage tank"; and
(f) Is not heat, smoke or fumes from a "hostile fire".

32. The Umbrella Policy contains the same TPE and the same Occurrence Re-Defined endorsements as the CGL Policy.

33. The Umbrella Policy was not in effect on February 3 or 4, 2022, when the deaths occurred.

34. The Umbrella Policy was not in effect when the alleged conduct allegedly rendering Drexler liable to Underlying Plaintiffs occurred.

35. The underlying CGL Policy is not written on a claims-made basis.

## THE CONTROVERSIES AND CLAIMS FOR DECLARATORY JUDGMENT

36. The insurance coverage controversies are as follows:

    a. Whether Motorists owes Drexler insurance coverage (defense and indemnity), under the CGL Policy and/or the Umbrella Policy; and

    b. Whether Motorists owes Drexler insurance coverage (defense and indemnity), under the MiChoice Protector and, if so, such coverage limits are $100,000 as reduced by claim expenses.

37. Motorists seeks a declaratory judgment as to the above coverage and legal issues.

WHEREFORE, Plaintiff prays for the following relief:

1. A declaratory judgment as requested herein;

2. Trial by jury on any issue so triable;

3. Its costs incurred herein; and

4. Any other relief to which it is entitled.

Respectfully submitted,

Garvey Shearer Nordstrom, PSC

*/s/ David W. Zahniser*
David W. Zahniser
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t: 859.308.1490
f: 866.675.3676
dzahniser@garveyshearer.com
*Attorney for Plaintiff, Motorists Commercial Mut. Ins. Co.*